IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| SANDRA MIZENKO,<br><br>        Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC.; HARTFORD HOSPITAL; AND HARTFORD HEALTHCARE CORPORATION,<br><br>        Defendant. | CASE NO. |

## MEDTRONIC INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Medtronic, Inc. ("Medtronic") hereby files its Notice of Removal of this civil action from the Superior Court, New Haven Judicial District at New Haven, Connecticut, Docket No. NNH-CV26-6164810-S, to the United States District Court for the District of Connecticut, New Haven Division. In accordance with § 1446(a), Medtronic provides the following statement of grounds for removal:

1.       On January 14, 2026, Plaintiff Sandra Mizenko filed a Complaint dated January 5, 2026 ("Complaint") in the Superior Court, New Haven Judicial District at New Haven, Connecticut, Docket No. NNH-CV26-6164810-S, styled *Sandra Mizenko vs. Medtronic, Inc.; Hartford Hosptial;* and *Hartford Healthcare Corporation* ("State Court Action"). A true and correct copy of all process and pleadings served upon Medtronic is attached hereto as **Exhibit A** and incorporated herein by reference. Likewise, a true and correct copy of the State Court Action's Docket is attached hereto as **Exhibit B** and incorporated herein by reference. Additionally, a true and accurate copy of the Civil Cover Sheet is attached hereto as **Exhibit C** and incorporated herein by reference.

2.   On January 9, 2026, Plaintiff served Medtronic with the Summons and Complaint via process server upon its Registered Agent.

3.   Plaintiff seeks damages for injuries stemming from her use of a "Medtronic Azure dual-chamber pacemaker, model number W1 DR 01 [("Azure")]" *See, e.g.*, Compl. ¶ 7–21.

4.   Plaintiff filed her Complaint against three defendants: (1) Medtronic, Inc., the manufacturer of the Azure; (2) Hartford Hospital, the hospital where medical professionals implanted her Azure; and (3) Hartford Healthcare Corporation, the owner of Hartford Hospital. *See generally* Compl.

5.   Plaintiff brings claims against each Defendant for alleged violations of the Connecticut Products Liability Act, General Statutes § 52-572m ("CPLA"). *See generally id.*

6.   Because Plaintiff has not, and cannot, allege any cognizable claim against Hartford Hospital and Hartford Healthcare Corporation (collectively, "Hospital Defendants") their citizenship must be disregarded when analyzing jurisdiction under the fraudulent joinder doctrine. *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010).

7.   Removal of this action is proper under 28 U.S.C. § 1441 because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, and Medtronic has satisfied the procedural requirements for removal.

**II.   Removal is Proper Because the Court has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441**

8.   This Court has subject-matter jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

A.    **The True Parties are Citizens of Different States**.

9.    Plaintiff is and was at the time the State Court Action was filed, a citizen of Connecticut. Compl. ¶ 1.

10.    For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726 (2d Cir. 2000).

11.    Medtronic is and was at the time the State Court Action was filed, a corporation organized under the laws of Minnesota with its principal place of business in Minnesota. Medtronic is accordingly a citizen of Minnesota for purposes of federal diversity jurisdiction. Compl. ¶ 2; 28 U.S.C. § 1332(c)(1).

12.    While Plaintiff asserts claims against the Hospital Defendants, who are Connecticut corporate citizens, controlling Second Circuit precedent compels that the citizenship of the Hospital Defendants be disregarded because Plaintiff lacks viable claims against either of them. *Bounds*, 593 F.3d at 215.

B.    **Plaintiffs Have Fraudulently Joined the Hospital Defendants.**

13.    Defendant Hartford Hospital "is and was a healthcare provider operating as a hospital" in Connecticut as part of the Hartford Healthcare Corporation network.[1] Compl. Count II, ¶ 2.

14.    Defendant Hartford Healthcare Corporation is a Connecticut corporation that operates a health care network which includes Hartford Hospital.[2] *Id.* Count III. ¶ 3.

15.    Although complete diversity of citizenship is usually required for a federal court to have diversity jurisdiction, "courts overlook the presence of a non-diverse defendant if from

---

[1] https://hartfordhealthcare.org/locations-partners/hartford-hospital
[2] https://hartfordhealthcare.org/about-us

3

the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Bounds*, 593 F.3d at 215.

16. In this case, there is no possibility that the Plaintiff could establish their asserted causes of action against the Hospital Defendants in the State Court because it is well-established under Connecticut law that the Hospital Defendants are not "product sellers" subject to liability under the CPLA. Conn. Gen. Stat. § 52-572m.

17. Under the CPLA, a product seller is "any person or entity . . . who is engaged in the business of selling such products whether the sale is for resale or for use and consumption." *Zichichi v. Middlesex Memorial Hosp.*, 528 A.2d 805, 807 (Conn. 1987). "Once a particular transaction is labeled a 'service,' as opposed to a 'sale' of a product, it is outside the purview of [the CPLA]." *Id.* Whether a defendant is a product seller is a question of law. *Burket v. Petrol Plus of Naugatuck, Inc.*, 579 A.2d 26, 30 (1990).

18. Connecticut courts have repeatedly held that hospitals, such as the Hospital Defendants, are not in the business of selling the products used by [physicians] during surgery performed at [their] hospital[s]." *Sherwood v. Stamford Health Sys.*, No. X06UWYCV146025333, 2018 Conn. Super. LEXIS 137, at *16 (Super. Ct. Jan. 16, 2018). Moreover, "binding precedent holds that surgical implantation of a medical device[,]" like the Azure, "is a service" to which the CPLA does not apply. *Kenneson v. Johnson & Johnson, Inc.*, No. 3:14-cv-01184 (MPS), 2015 U.S. Dist. LEXIS 53584, at *7 (D. Conn. Apr. 23, 2015)[3] (citing *Zbras v. St. Vincent's Med. Ctr.*, 91 Conn. App. 289, 880 A.2d 999, 1002 (Conn. App. 2005)).

---

[3] In *Kenneson*, the Court found potential liability for the hospital in a mesh case based on negligent credentialing but that theory had been specifically plead. Here it was not. Indeed, the *Kenneson* complaint advances detailed allegations against the hospital as a "Seller." Such detailed allegations are absent in this complaint.

19. Accordingly, Plaintiff's CPLA claims against the Hospital Defendants are fraudulently joined, as there is no chance of success on such claims under the CPLA.

C. **The Amount in Controversy Exceeds $75,000**

20. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper based on an amount in controversy if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.[4]

21. The requisite amount for diversity jurisdiction is not apparent from the face of the Complaint. Plaintiff only states that she seeks damages in excess of $15,000. Compl.; Conn. Gen. Stat. § 52-91. Accordingly, Medtronic must only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86-87 (2014) (where the requisite amount for diversity jurisdiction is not apparent from the face of a complaint, the removing party has to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold).

22. It is facially evident from the Complaint that the amount in controversy exceeds $75,000.00. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957). A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000.00. *TongkookAm., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

---

[4] The preponderance of the evidence standard was reaffirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

23. Plaintiff alleges that about ten weeks after having her Azure implanted an additional surgery was required to explant the Azure and have it replaced. Compl. ¶¶ 13, 15. She alleges that while the Azure was implanted it contributed to her experience "dangerous levels of threat of atrial lead noise and double sensing." *Id.* ¶ 18. Plaintiff alleges that such danger caused her injuries, "some of which may be permanent in nature[,]" including: (1) invasive surgery to remove and replace the Azure; (2) sinus node dysfunction; (3) lead impedances greater than 3000 and switches from bi-polar to uni-polar, and; (4) associated pain and suffering. *Id.* ¶ 19. She alleges that because of such injuries she "has incurred, and will continue to incur in the future, expenses associated with medical care and treatment, including but not limited to medication, surgery, diagnostic testing, and therapy, all of which has caused her and will continue to cause her loss and damage." *Id.* ¶ 20. Plaintiff further alleges that she "has and will continue to suffer pain, mental anguish, frustration and anxiety[.]" *Id.* ¶21.

24. Although Medtronic denies any liability to Plaintiff, these allegations of damages: invasive surgery; sinus node dysfunction; the experience of lead impedances greater than 3000 and switches from bi-polar to uni-polar; associated pain and suffering; costs incurred and to be incurred for medical care and treatment, including but not limited to medication, surgery, diagnostic testing, and therapy, and; general pain, mental anguish, frustration and anxiety, place more than $75,000, exclusive of interest and costs, in controversy.[5]

---

[5] *Morillo v. Burlington Coat Factory*, 2017 U.S. Dist. LEXIS 139031, at *5 (D. Conn. Aug. 29, 2017) (finding that damages allegation including medical bills associated with a needed surgery, among other alleged injuries, could exceed $75,000); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, future expenses and claimed serious medical conditions); *Nadeau v. Mentor Texas, L.P.,* No. CIV.A. 303CV2312L, 2005 WL1553958, at *2 (N.D. Tex. July 1, 2005) (holding the amount in controversy to be satisfied where plaintiff sought "pain and suffering, mental anguish, disfigurement, medical expenses in the past and medical expenses she reasonably expects to incur in the future"); *Owsinski v. Amphastar Pharms., Inc.*, No. 23-1340, 2024 U.S. Dist. LEXIS 54687, at *11 (W.D. Pa. Mar. 27, 2024) (finding the amount in controversy satisfied where plaintiff alleged permanent injuries, numerous hospital visits, and various claims of mental and emotional suffering); *Griffin v. Home Depot U.S.A., Inc.*, No. 22-739, 2022 U.S. Dist. LEXIS 90838, at *5 (W.D. Pa. May 20, 2022)

## II. Medtronic Has Satisfied the Procedural Requirements for Removal

25. Pursuant to 28 U.S.C. § 1446(a), Medtronic attaches to this Notice of Removal a copy of all process, pleadings, and other papers or exhibits of every kind, including depositions, on file in the state court. *See* Exs. A-C.

26. The Superior Court, New Haven Judicial District at New Haven, Connecticut, is located within the District of Connecticut. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

27. Medtronic timely files this Notice of Removal. Pursuant to 28 U.S.C. § 1446(b), the notice is filed within thirty (30) days of receipt by Medtronic of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28. Consent to removal is not required from the Hospital Defendants because those defendants have not been "properly joined," 28 U.S.C. § 1446(b)(2)(A); *Thompson v. Accent Capital*, 491 F. App'x 264, 265 (2d Cir. 2012).

29. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed with the Clerk of the Court in the State Court Action and promptly served on Plaintiff.

30. The allegations of this Notice are true and correct and within the jurisdiction of this Court, and this cause is removable to this Court.

---

("Generally, where severe injuries are noted along with pain and suffering, this is sufficient to place a defendant on notice that the amount in controversy exceeds $75,000."); *Kuhlman v. Walgreen Co.*, No. 2:10-CV-84, 2010 WL 1737849, at *3 (N.D. Ind. Apr. 26, 2010) ("When plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiff's damages exceeded the jurisdictional amount.") (internal citation omitted); *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Products Liab. Litig.*, 692 F. Supp. 2d 1025, 1039–40 (S.D. Ill. 2010), *aff'd sub nom. Walter v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011) (holding that the amount in controversy "clearly exceed[ed] $75,000, exclusive of interest and costs," where plaintiff's claimed "severe and permanent injuries," "past and anticipated future expenses for medical care," and "other physical, emotional, and economic injuries.").

31.     If any question arises as to the propriety of the removal of this action, Medtronic respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

32.     By removing this action, Medtronic does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

WHEREFORE, Medtronic, desiring to remove this case to the United States District Court for the District of Connecticut, New Haven Division, it being the district and division of said Court for the parish in which said action is pending, pray that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 6th day of February, 2026.

                                  Respectfully submitted,

                                  MEDTRONIC, INC.

                                By: */s/ Sheldon R. Poole*
                                    Sheldon R. Poole, Esq., Federal Bar No. 30470
                                    SHOOK, HARDY & BACON, L.L.P.
                                    185 Asylum Street
                                    City Place I, Suite 3701
                                    Hartford, CT 06104
                                    Juris No. 443536
                                    Telephone: (860) 515-8901
                                    Facsimile: (860) 515-8911
                                    SPoole@shb.com

                                  ***Their Attorney***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of February, 2026, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon all counsel of record.

Steven J. Errante, Esq.
Marisa A. Bellair, Esq.
Rosalie D. Louis, Esq.
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street
New Haven, CT 06510
Telephone: (475) 265-5340
Facsimile: (203) 782-0278
SErrante@ltke.com
MBellair@ltke.com
RLouis@ltke.com

*Attorneys for Plaintiff*

                                    /s/ *Sheldon R. Poole*
                                    Sheldon R. Poole